IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 19-3208 ) |
| CUSTOM CURBS, INC., VANHUSS CUSTOM CONCRETE, CHRIS VANHUSS, Individually, | ) ) ) ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, United States District Judge:

The Plaintiffs filed a three-count complaint against Custom Curbs, Inc. (Count I); VanHuss Custom Concrete (Count II); and Christopher Van Huss, individually (Count III). In Count I, Plaintiffs sought $54,556.26 in delinquent contributions, assessments and dues from Custom Curbs. Plaintiffs move for summary judgment [d/e 23] on Count I. Custom Curbs, Inc. did not respond to the motion.

1

In Count II, Plaintiffs alleged VanHuss Custom Concrete was a sole proprietorship owned by Christopher Van Huss, it was performing work previously performed by Custom Curbs to avoid paying the Plaintiffs for contributions, assessments and dues, and therefore, it was an alter ego of Custom Curbs. The motion for summary judgment seeks no relief as to Count II.

In Count III, Plaintiffs alleged Chris Van Huss committed the tort of conversion when, as the sole owner of Custom Curbs, he deducted dues and vacation pay from employee paychecks and then failed to forward those deductions to the Central Laborers' Pension Fund as the collection against of Laborers' Local 477 and the Southern and Central Illinois Laborers' Vacation Fund. Because of a petition for bankruptcy against Chris Van Huss, individual, the action is stayed as to Van Huss and Plaintiffs' motion for summary judgment seeks no relief as to Count III.

FACTUAL BACKGROUND[1]

---

[1] The Plaintiffs' Undisputed Material Facts are properly supported by citations to the record. Because Defendant Custom Curbs, Inc. did not respond to the Plaintiffs' factual allegations, the Court considers the facts to be undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2); *see also* CDIL-LR 7.1(D)(2)(b)(6).

The Central Laborers' Pension, Welfare, and Annuity Funds are multiemployer plans as more than one employer is required to contribute and they are maintained pursuant to one or more collective bargaining agreements between one or more employee organizations and more than one employer.

The Illinois Laborers' and Contractors' Training Trust Fund is a multiemployer plan as more than one employer is required to contribute, and it is maintained pursuant to one or more collective bargaining agreements between one or more employee organizations and more than one employer.

The Laborers' and Employers Cooperative Education Trust is a multiemployer plan as more than one employer is required to contribute, and it is maintained pursuant to one or more collective bargaining agreements between one or more employee organizations and more than one employer.

The Southern and Central Illinois Laborers' Vacation Fund is a multiemployer plan as more than one employer is required to contribute, and it is maintained pursuant to one or more employee organizations and more than one employer.

The Central Illinois Builders Industry Advancement Fund is an entity established to promote the goals of union contractors within the construction industry.

The Central Laborers' Pension Fund is the collection agent for all other Plaintiffs and is responsible for receiving contributions on behalf of the other Plaintiffs, forwarding contributions or payments to the other Plaintiffs and collecting any delinquent contributions on behalf of the other Plaintiffs.

Custom Curbs is an Employer engaged in an industry within the meaning of 29 U.S.C. § 1002(5) and § 1002(12).

Defendant Custom Curbs, Inc. and Defendant Van Huss Custom Concrete are the same entity, as VanHuss Custom Concrete is an assumed business of Custom Curbs, Inc.

Custom Curbs is an Illinois corporation with a business address at 3524 Pet Cemetery Road, Springfield, IL 62707. On November 11, 2008, Custom Curbs signed a Memorandum of Agreement between the Central Illinois Builders of AGC and the Southern and Central Illinois Laborers' District Council, Laborers' Locals 159, 477 and 703 in which Custom Curbs agreed to abide by all the articles, stipulations, and fringe benefits contained within said Agreement.

On April 9, 2009, Custom Curbs signed a Memorandum of Agreement between the Central Illinois Builders of AGC and the Southern and Central Illinois Laborers' District Council, Laborers Locals 159, 477 and 703 in which Custom Curbs agreed to abide by all the articles, stipulations, and fringe benefits contained within said Agreement. Custom Curbs never terminated the Memorandum of Agreements between the Central Illinois Builders of AGC and the Southern and Central Illinois Laborers' Locals 159, 477 and 703.

Custom Curbs signed two Participation Agreements with the Trust Funds listed above in which Custom Curbs agreed to be bound by the Trust Agreements of all Funds listed in the Participation Agreements, including those Funds identified as Plaintiffs in this case. Custom Curbs never terminated the Participation Agreements. The Participation Agreements, as well as the Trust Agreements, provide for liquidated damages in the amount of ten percent (10%).

Custom Curbs was contractually bound to a Memorandum of Agreement (MOA) between the Central Illinois Builders of AGC and the Southern and Central Illinois Laborers' District Council, Laborers' Locals 159, 477 and 703 for the period of May 1, 2018, through April 30, 2019. Under the MOA, Custom Curbs was required

to pay fringe benefits, dues and assessments to the Plaintiffs for work performed within the jurisdiction of the Southern and Central Illinois Laborers' District Council, including Laborers' Local 477. According to the MOA, applicable for the period of May 2018 through April 2019, all payments for contributions, dues, and assessments were to be paid or sent to the Central Laborers' Pension Fund. According to the business records of the Central Laborers' Pension Fund, Defendant has not paid any fringe benefit contributions, dues, and reassessments for work performed in the months after July 2018.

Four of Defendant's employees provided pay stubs to the Central Laborers' Pension Fund, which showed that these four employees had worked a total of 1,857 hours between August 1, 2019 and December 31, 2019. The owner of Custom Curbs, Chris VanHuss, acknowledged that Custom Curbs was delinquent in paying contributions to Plaintiffs, although he was uncertain as to the amount owed. Based on the paystubs provided by the four employees, Central Laborers' Pension Fund staff determined that Custom Curbs owed $54,556.26 in delinquent contributions for hours worked by employees from August 1, 2019 to December 31, 2019. Central Laborers' Pension Fund staff determined that Custom

Curbs owes Plaintiff liquidated damages in the amount of ten percent (10%) of delinquent contributions of $5,455.63. Central Laborers' staff determined that Custom Curbs owes liquidated damages of $6,417.60 for late payments prior to August 2019.

The Plaintiffs demanded payment from the Defendant numerous times. However, the Defendant failed to make a good faith effort to resolve this issue.

## II. DISCUSSION

Summary judgment is appropriate if the motion is properly supported and "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). The Court views the evidence and construes all reasonable inferences in favor of the non-movant. *See Driveline Systems, LLC v. Arctic Cat, Inc.*, 936 F.3d 576, 579 (7th Cir. 2019). To create a genuine factual dispute, however, any such inference must be based on something more than "speculation or conjecture." *See Harper v. C.R. England, Inc.*, 687 F.3d 297, 306 (7th Cir. 2012) (citation omitted). "The court does not assess the credibility of witnesses, choose between competing reasonable inferences, or

balance the relative weight of conflicting evidence." *Driveline Systems*, 36 F.3d at 579 (internal quotation marks omitted). Ultimately, there must be enough evidence in favor of the non-movant to permit a jury to return a verdict in its favor. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The Employee Retirement Income Security Act of 1974 (ERISA) provides, "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. An "employer" is "any person acting directly as an employer, or indirectly in the interest of any employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5). A "multiemployer plan" is one "(i) to which more than one employer is required to contribute, [and] (ii) which is maintained pursuant to one or more collective bargaining agreements between

one or more employee organizations and more than one employer."

29 U.S.C. § 1002(37)(A).

> In any action . . . to enforce section 1145 of this title in which a judgment in   favor of the plan is awarded, the court shall award the plan—
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>
>> (i) interest on the unpaid contributions, or
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Because this is an action to recover fringe benefit contributions under § 1145 of ERISA, the Court has jurisdiction over this matter. 29 U.S.C. § 1132(e)(1), 29 U.S.C. § 1145. Based on the pay stubs received by the Fund from the Defendant's employees, the Court concludes that the Funds are entitled to judgment against the Defendant for unpaid fringe contributions. The Defendant was required by § 1145 of ERISA to pay contributions, dues and

assessments to the Plaintiffs in accordance with the terms and conditions of the collective bargaining agreements. 29 U.S.C. § 1145.

Pursuant to the MOA signed on November 11, 2008 and subsequent MOA signed on April 9, 2009, Custom Curbs agreed to abide by all the articles, stipulations and fringe benefits contained within the Agreement. Custom Curbs signed two Participation Agreements with the Trust Funds in which Custom Curbs agreed to be bound by the Trust Agreements of all Funds listed in the Participation Agreements. The Participation Agreements, as well as the Trust Agreements, provide for liquidated damages in the amount of 10%.

Custom Curbs was contractually bound to a MOA between the Central Illinois Builders of AGC and the Southern and Central Illinois Laborers' District Council, Laborers' Locals 159, 477 and 703 for the period of May 1, 2018 through April 30, 2019.

Under the MOA, Custom Curbs was required to pay fringe benefits, dues and assessments to the Plaintiffs for work performed within the jurisdiction of the Southern and Central Illinois Laborers District Council, including Laborers' Local 477.

Custom Curbs has not paid any fringe benefit contributions, dues, or assessments for work performed in the months after July 2018. The last contribution report received by Central Laborers for which contributions, dues and assessments were paid by Custom Curbs, was for work performed in July 2018.

Custom Curbs has never informed the Central Laborers' Pension Fund that Custom Curbs was terminating any of the labor agreements to which it was a signatory.

The Central Laborers' Pension Fund, as the collection agent for the other funds, received paycheck stubs from laborers who were employees of Custom Curbs during the period from August 2018 through December 2018. Based on those paycheck stubs, Central Laborers' Pension Fund determined that Custom Curbs owed $54,556.26 in contributions, dues, and assessments for 1,857 hours of work performed by these four employees during the period of August 2018 through December 2018. The owner of Custom Curbs has admitted that the company owes for past due contributions, though he was uncertain as to the amount. Central Laborers' Pension Fund has also assessed liquidated damages of 10%, which

amounts to $5,455.63 pursuant to the terms and provisions of applicable Trust Agreements and applicable labor agreements.

Because the Southern and Central Illinois Laborers Vacation Fund and Laborers' Local 477 have filed an adversary complaint against Defendant Chris Van Huss in U.S. Bankruptcy Court, the Plaintiffs reduced the amounts sought in their Motion for Summary Judgment by the amounts sought in the adversary complaint. These amounts are $5,571.00 (SC Vacation), $1,949.87 (CI Dues Check Off), and $1,928.80 (CI Work Dues) for work performed in August through December 2018. This results in the reduction of the amounts sought in the Motion for Summary Judgment to $45,106.59, 10% of which results in liquidated damages of $4,510.65.

Additionally, the Central Laborers' Pension Fund assessed liquidated damages due to Custom Curbs' late payments received by Central Laborers' Pension Fund in April, May, June, and July of 2018. The amount of liquidated damages for late payments is $6,417.60. The Court further notes that the Trust Agreements and Participation Agreements hold the Defendant liable for payment of all

costs and fees incurred by the Plaintiffs in collection of unpaid contributions.

The Plaintiffs' Motion for Summary Judgment is properly supported with citations to the record. Because Custom Curbs, Inc. did not respond to the motion, the Court finds that the failure to respond constitutes an admission of the motion. *See* CDIL-LR 7.1(D)(2). The Court further concludes "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a)

Based on the foregoing, the Plaintiffs' Motion for Summary Judgment [d/e 23] is GRANTED. The Court finds that Plaintiffs Central Laborers' Pension Fund, *et al.*, are entitled to summary judgment on Count I, which is asserted against Defendant Custom Curbs, Inc. Summary judgment is entered in Plaintiffs' favor, and against Defendant, for delinquent contributions ($45,106.59) and liquidated damages ($10,928.25), for a total amount of $56,034.84.

The Plaintiffs will be awarded their court costs and reasonable attorney's fees in this action in an amount to be determined after the

Plaintiffs file their petition for attorney's fees and costs, pursuant to 29 U.S.C. § 1132(g)(2).

ENTER: May 5, 2022

/s/ *Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE